## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**STEVEN WAYNE PIERCE**                                    **PETITIONER**

**v.**                                            **No. 3:26-CV-202-GHD-JMV**

**STATE OF MISSISSIPPI**                              **RESPONDENT(S)**

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. Petitioner Steven Wayne Pierce, proceeding *pro se*, has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Doc. #s 1, 11. Pierce was convicted and sentenced on a charge of sexual battery in the Circuit Court of Panola County, Mississippi, on December 12, 2006, and January 19, 2007, respectively. *See id.* Pierce has filed at least one other unsuccessful § 2254 petition concerning the same conviction which he now seeks to challenge. *See Pierce v. State of Mississippi, et al.*, 3:25-CV-00238-MPM-RP (transferring to Fifth Circuit as successive); *Pierce v. State of Mississippi*, 3:18-CV-00149-NBB-RP (dismissed with prejudice as untimely filed).

The Antiterrorism and Effective Death Penalty Act requires that before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Pierce has failed to obtain such authorization. Rather than dismissing Pierce's petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That this petition shall be **TRANSFERRED** to the Fifth Circuit Court of Appeals for the

petitioner to seek permission to file his successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365;

3) That all pending motions are **TERMINATED**; and

4) That this case is **CLOSED**.

This, the ___ day of August, 2026.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

2